DECISION
Plaintiffs appealed to this court September 20, 2010, seeking a "proration of taxes back to March 26th 2010." (Ptfs' Compl at 1.) The tax year at issue is 2009-10. (Id.) Plaintiffs indicated in their Complaint that the property was a "complete loss" on March 26, 2010. (Id.) Defendant responded to Plaintiffs' Complaint with a letter dated October 7, 2010, filed with the court October 13, 2010.[1] The court held a case management hearing by telephone November 18, 2010. Julie Widby appeared for Plaintiffs. Jim Rubbelke appeared for Defendant.
 I. STATEMENT OF FACTS
It is undisputed that Plaintiffs owned a manufactured home that was completely destroyed by fire on March 26, 2010. Plaintiffs filed an application for proration of property taxes with Defendant, which Defendant denied by letter dated September 9, 2010. (Ptfs' Compl at 2.) Defendant denied the application because it was not received until August 2, 2010. (Id.) Defendant did reduce the real market value (RMV) and assessed value (AV) for the 2010-11 tax year to reflect the decreased value due to the loss of the structure. (Id.) The court confirmed that information with the parties during the November 18, 2010, proceeding. *Page 2 
 II. ANALYSIS
ORS 308.425[2] provides for the proration of property taxes where property is damaged or destroyed by fire during the tax year. The statute provides in relevant part:
 "(1) If, during any tax year, any real or personal property is destroyed or damaged by fire or act of God, the owner or purchaser under a recorded instrument of sale in the case of real property, or the person assessed, person in possession or owner in the case of personal property, may apply to the tax collector for proration of the taxes imposed on the property for the tax year."
ORS 308.425.
An individual seeking proration of taxes must make a timely application. The statutory requirement for filing an application reads:
 "(2) Application for proration of taxes under subsection (1) of this section shall be made not later than the end of the tax year or 60 days after the date the property was destroyed or damaged, whichever is later."
Id. (Emphasis added.)
Oregon has a somewhat unusual property tax system. The "assessment year" is a calendar year, but the "tax year" is a fiscal year.[3]See ORS 308.007(1)(b) and (c). Moreover, the "assessment date" is the first day of the assessment year (i.e., January 1), and is the date on which property is valued for the tax year that begins six months later on July 1. ORS 308.007(1)(a) and ORS 308.210. Finally, tax statements are mailed on or before October 25 of the assessment year. ORS 311.250(1).
For purposes of this case, the 2009-10 tax year began on July 1, 2009, and ended on June 30, 2010. Plaintiffs' property was destroyed by a fire on March 26, 2010. Accordingly, the deadline for Plaintiffs to have filed their application for proration of property taxes was the end *Page 3 
of the tax year, June 30, 2010, because that date was more than 60 days after the date of the fire that destroyed their home, March 26, 2010.[4] Unfortunately, Plaintiffs did not file their application until late July or early August 2010.[5] Plaintiffs missed the June 30, 2010, application deadline and Defendant had no choice but to deny their request.
As a final matter, Defendant, in its letter to the court filed in response to Plaintiffs' Complaint, requested that the court refund Plaintiffs' $75 filing fee because of "erroneous information from the county." (Def's Ltr at 1, Oct 7, 2010.) Defendant further explained in its letter that "[t]he county's notice of denial to the plaintiff[s] erroneously advised them that any appeal of this action should be made to Magistrate.[6] It should have advised them to appeal to the Department of Revenue before December 15." (Id.)
There is no provision in the statutes or court rules for a refund of the filing fee. Accordingly, that request must be, and is hereby, denied. Moreover, it is not entirely clear to the court that the information in Defendant's letter of denial is incorrect.
First, if Plaintiffs are challenging the validity of Defendant's denial (for example, because the fire occurred on a later date, the application was filed earlier than Defendant acknowledged, or Plaintiffs believed Defendant incorrectly applied the law), the Magistrate Division of the Oregon Tax Court is, in fact, the correct venue for appeal. *Page 4 
Second, Defendant indicates that the denial letter "should have advised [Plaintiffs] to appeal to the Department of Revenue before December 15th." (Id.) During the November 18, 2010, court proceeding, Defendant indicated that the reference to the appeal to the Department of Revenue (Department) before December 15 pertained to the "hardship statute," ORS 307.475. However, it is not entirely clear to the court whether the Department has the legal authority to make a favorable recommendation under that statute. That statute clearly authorizes the Department to act in situations where a taxpayer fails to timely apply for a redetermination a value under ORS 308.428, but no mention is made of proration of taxes under ORS 308.425. However, given that relief under ORS 307.475 is a matter for the Department and county assessor, and is not directly at issue in this case, the court offers no opinion on the matter.
 III. CONCLUSION
For the reasons set forth above, the court concludes that Plaintiffs are not entitled to a proration of property taxes for the 2009-10 tax year under ORS 308.425 because they did not timely file their application for such relief. Additionally, Defendant's request for the court to refund Plaintiffs' filing fee is denied as lacking any legal basis. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal is denied; and
IT IS FURTHER DECIDED that the request for a refund of the filing fee is denied.
Dated this ___ day of February 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR. *Page 5 
 Your Complaint must be submitted within 60 days after the date ofthe Decision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinsonon February 16, 2011. The Court filed and entered this documenton February 16, 2011.
[1] Defendant did not file an Answer or other appropriate response to comply with applicable court rules.
[2] All references to the Oregon Revised Statutes (ORS) are to 2009.
[3] The "tax year" is a 12-month period beginning on July 1. ORS 308.007(1)(c). "[T]he assessment year beginning on January 1 corresponds to the tax year beginning July 1 of the same calendar year." ORS 308.007(2). Under ORS 308.210(1), the assessor must annually assess the value of all taxable property "as of January 1, at 1:00 a.m. of the assessment year."
[4] The ORS 308.425(2) 60-day deadline from the March 26, 2010, fire was May 25, 2010.
[5] The application was received by Defendant on August 2, 2010, but, depending upon whether it was mailed or hand-delivered, the date of the application may have been before that date, if it had an earlier postmark date.
[6] It is not uncommon for representatives both from the various county assessor's offices and the Oregon Department of Revenue to refer to the Magistrate Division of the Oregon Tax Court as "Magistrate." Moreover, those representatives will on occasion make statements that at least imply that "Magistrate" is a tribunal separate and distinct from the Oregon Tax Court. It should be noted that the Oregon Tax Court is made up of two divisions: the "Regular Division" and the "Magistrate Division." See e.g., Preface to the Rules of the Regular Division of the Tax Court. *Page 1